Filed 4/16/15  P. v. Ramirez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|   Plaintiff and Respondent, | G050499 |
|   v. | (Super. Ct. 10HF0027) |
| JAIME ZAMORA RAMIREZ, | O P I N I O N |
|   Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Kazuharu Makino, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Edward J. Haggerty, by appointment of the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

This is a familiar case.  It has made two previous trips to this court, first on issues pertaining to the sufficiency of the evidence for one of the sentencing enhancement allegations against appellant, and then on a challenge to the restitution order.  The result was two victories for appellant Jaime Zamora Ramirez.  Unfortunately, that streak ends with this appeal, in which there are just no issues left.

The case stems from appellant's conviction of sexual penetration by a foreign object by force (Pen. Code, § 289, subd. (a)(1)) and two counts of forcible rape (Pen. Code, § 261, subd. (a)(2)) on different victims. After that conviction, Ramirez successfully challenged the sufficiency of the evidence to support one of his prior felony allegations. Then, after that error was corrected, he challenged the restitution award on the same grounds. He won again. Now a new restitution award has been entered. The court has done what we said it had to do. But appellant has brought a third appeal. The problem is there are no issues left.

In *People v. Senior* (1995) 33 Cal.App.4th 531, 533, 538, it was explained that, "when a criminal defendant could have raised an issue in a previous appeal but did not do so, the defendant may be deemed to have waived the right to raise the issue in a subsequent appeal" "when (1) the issue was ripe for decision by the appellate court at the time of the previous appeal; (2) there has been no significant change in the underlying facts or applicable law; and (3) the defendant has offered no reasonable justification for the delay." There are, of course, exceptions to this rule, but they are very limited, and none has ever been applied to a case where defendant has already had *two* appeals.

Appellant cannot, therefore, raise any issues about his trial or sentencing that have already been raised, or that could have been raised in the earlier appeals. This means appellant is limited to issues pertaining to what is left here: the restitution order. And since we have already ruled on that and instructed the court what to do, and it has done it, there is really nothing left to argue.

We appointed counsel to represent appellant on this appeal. Counsel filed a brief which set forth the procedural facts of the case (the facts of the crimes themselves are irrelevant because the only available issue is the restitution hearing). Counsel did not argue against his client, but advised us there were no issues to argue on his behalf. Appellant was invited to express his own objections to the proceedings against him, but did not. Under the law, this put the onus on us to review the record and see if *we* could find any issues that might result in some kind of amelioration of appellant's lot. (*People v. Wende* (1979) 25 Cal.3d 436.) It should be emphasized that our search was not for

2

issues upon which appellant *would* prevail, but only issues upon which he *might possibly* prevail.

We have examined the record and found no arguable issue. This is not surprising. In fact, it is what we find in the vast majority of cases in which appellate counsel files a *Wende* brief. Even the most cynical observer of the appellate system would have to recognize that appellate counsel has a financial incentive for finding issues. The simple fact is that counsel makes more money if he/she finds an issue that is arguable than if he/she does not. So while it sometimes happens that an appellate court will find issues after appellate counsel has thrown in the towel, it is unusual.

This case is not unusual – at least not in any way that would benefit appellant. In fact, the procedural posture of the case limits us to one issue – was there error in the restitution order entered by the court in response to our ruling in the last appeal? Counsel could find none and neither can we. There was a colloquy between the court below and counsel about the propriety of allowing a "do-over" under the circumstances, but once the record was clarified, that issue was effectively disposed of. Since we can find no other arguable issues, the judgment is affirmed.

BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.

3